# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RUTH MCCORMACK, WIDOW OF
ROBERT C. MCCORMACK,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0055** (BOR Appeal No. 2047591)
                              (Claim No. 860072149)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**UNION CARBIDE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ruth McCormack, widow of Robert C. McCormack, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 14, 2012, in which the Board affirmed an August 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 27, 2011, decision which denied the application for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. McCormack, a pipe fitter and construction worker, developed occupational pneumoconiosis in the course of his employment. A chest x-ray taken in 2007 revealed small localized calcified pleural plaques suggestive of pulmonary asbestosis. A subsequent x-ray taken in 2008 revealed no significant changes. Mr. McCormack was treated in the emergency room in February of 2009 for left hip pain. At that time, he had no respiratory problems. He was again seen in the emergency room in August of 2009 and again there was no indication of respiratory problems. A consultation note by Fadi Alkhankan, M.D., dated November 6, 2009, noted that Mr. McCormack took no medication for his lungs and that his breathing did not affect his daily exertional limit. Mr. McCormack passed away on December 3, 2009. The amended death certificate listed the cause of death as septicemia as the result of multiple pressure wounds and dental caries. The Occupational Pneumoconiosis Board found in April of 2011 that occupational pneumoconiosis was not a material, contributing factor in Mr. McCormack's death. Jack Kinder, M.D., testified on behalf of the Occupational Pneumoconiosis Board in a hearing before the Office of Judges on August 1, 2012. He stated that the Occupational Pneumoconiosis Board previously granted Mr. McCormack a 30% permanent partial disability award. He opined, however, that occupational pneumoconiosis played no role in his death. Dr. Kinder found that Mr. McCormack died as the result of infection following a fall. Mahendra Patel, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The claims administrator denied Mrs. McCormack's application for dependent's benefits on May 27, 2011. The Office of Judges affirmed the decision in its August 16, 2012, Order. It found that there is no medical evidence in the record finding that occupational pneumoconiosis was a material, contributing factor in Mr. McCormack's death. He was treated in August of 2009 for fractures. The death certificate notes that the death was the result of infection and multiple wounds. The Occupational Pneumoconiosis Board was found to have reasonably concluded that Mr. McCormack died as the result of infections following a fall.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 14, 2012, decision. The Board of Review's decision is supported by the evidentiary record. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record fails to show that occupational pneumoconiosis was a material, contributing factor in Mr. McCormack's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 9, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II